1  EUGENE ILLOVSKY (CA SBN 117892)
   eugene@illovskylaw.com
2  ILLOVSKY LAW OFFICE
   1611 Telegraph Avenue, Suite 806
3  Oakland, California 94612
   Telephone: 510.394.5885
4

5  Attorney for Respondent
   PUNEET CHAWLA
6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  CITRIX SYSTEMS, INC.,                    Case No. Misc. 19-80054 EDL

13                     Plaintiff,            **RESPONDENT PUNEET
                                             CHAWLA'S OPPOSITION TO
14         v.                                MOTION TO COMPEL
                                             PRODUCTION OF DOCUMENTS**
15  WORKSPOT, INC.,

16                     Defendant.            CTRM: Hon. Elizabeth D. Laporte
                                             DATE:  TBD
17                                           TIME:  TBD

18

19         Respondent Puneet Chawla hereby submits the following memorandum in opposition to

20  the motion to compel filed by plantiff Citrix Systems, Inc. ("Citrix"):

21         **I.      INTRODUCTION**

22         Citrix seeks to use an overly broad subpoena arising out of satellite litigation in the

23  underlying Delaware case to inspect all of the personal devices – phones, tablets, laptops, desktops

24  –  used by Mr. Chawla (a former employee of defendant Workspot) to "send email and/or browse

25  the internet." Motion, p.1.  Citrix is looking for some sort of evidence to support not its complaint

26  but rather a sanctions motion in Delaware federal court against defendant Workspot.  Citrix has

27  not identified the specific personal device of Mr. Chawla's it seeks to inspect (much less explained

28

why that particular device should be inspected).  Instead it contends that its subpoena need not identify any particular device.

Citrix does not carry its burden under the Federal Rules of Civil Procedure or the Local Rule.  It fails to make the case that it should be allowed to inflict an overly broad and intrusive subpoena on a non-party in service of an ill-defined hunt for evidence to support a sanctions motion in its lawsuit.  The motion to compel should be denied.

## II.   FACTUAL BACKGROUND

The Lawsuit.  On April 19, 2018, Citrix sued Workspot, Inc. ("Workspot") in Delaware federal court.  The companies compete in various cloud-related services, including desktop virtualization.  Citrix asserts four claims that new entrant Workspot infringed patents relating to virtual machines and remote access, one claim that Workspot violated the Lanham Act, a claim that it violated Delaware's Deceptive Trade Practices Act, and one for common law unfair competition.  Workspot, the much smaller company, denies the allegations; on December 17, 2018, the Delaware Court denied Citrix's motion for a preliminary injunction.

The Delaware case, like most patent litigation between competitors, is hotly contested.  Satellite litigation has sprung up around alleged protective violations by Workspot and assertions that someone from Workspot anonymously sent improper emails to Citrix executives and posted uncomplimentary messages at certain websites.  The subpoena to Mr. Chawla has nothing to do with the merits of the claims in the Complaint or defenses in the Answer, but rather emerges from these ancillary skirmishes.[1]

As Citrix notes, the Delaware Court held a hearing on December 12, 2018 at which it discussed the emails and after which it awarded sanctions to Citrix to be paid by Workspot.  Mr. Chawla, who had been employed by Workspot, was terminated by the company soon after the hearing.  The following January, Mr. Chawla was served with the subpoena at issue on this motion (as well as a subpoena for his deposition).

---

[1] Mr. Chawla was deposed once while still employed by Workspot.  Workspot's counsel indicated to Mr. Chawla's counsel that it does not intend to call him as a trial witness.

1       The Subpoena and Response.  On or about January 11, 2019, Citrix served a subpoena

2   with 15 broad document requests plus a demand to inspect Devices in Mr. Chawla's possession,

3   custody, or control, during a period in October 2018.[2]  Citrix subpoena defines "Devices"

4   extremely broadly as "any electronic equipment that has the capability of sending or receiving

5   electronic communications, including but not limited to, mobile phones, tablets, desktop

6   computers, or laptop computers."

7       By letter dated January 24, 2019, Mr. Chawla provided responses and objections to the

8   subpoena.  With respect to the demand to inspect all of his personal "devices," among other

9   objections, he noted the demand did not seek information relevant to a claim or defense in the

10  Delaware case and that the definition of "device" was overly broad because it covered every

11  device in Mr. Chawla's possession, custody, or control.  *See* Exhibit 6 to Strapp Declaration.

12      Mr. Chawla also conducted a search for responsive documents as to the other 15

13  document requests.  He produced what he found.  Citrix complains, without basis, that he did not

14  produce much, though Mr. Chawla made clear that when he left Workspot's employ he returned

15  company property.

16      Counsel for Mr. Chawla and Citrix met and conferred about the inspection demand but

17  reached an impasse over whether Citrix had shown relevance and whether it had to identify the

18  specific devices that it wants to inspect.  This motion followed.

19  **III.    LEGAL ARGUMENT**

20      Citrix wants to examine Mr. Chawla's *personal* devices – devices he owns and that he or

21  others in his family may have used while at home.  Citrix contends it needn't identify which

22  specific devices.

23      Given the extraordinarily intrusive and overbroad nature of its request, Citrix does not

24  make the expected strong showing – indeed, *any* showing –  that its subpoena seeks information

25  that is relevant to a party's claim or defense, proportional to the needs of its case, and not

26      [2] Civil L.R. 37-2 says "a motion to compel further responses to discovery requests must
    set forth each request in full, followed immediately by the objections and/or responses thereto."

27  Citrix's motion did not do that, so we refer the Court to Attachment B to the subpoena in Exhibit
    9 of the Declaration of Michael Strapp submitted in support of Citrix's motion ("Strapp

28  Declaration").

1  cumulative of information already established.  And, even if it could show relevance and

2  proportionality, Citrix does not adequately support its position that it can demand to inspect any

3  personal "device" that Mr. Chawla used to "browse the internet" without specifically identifying

4  that personal device.  A Rule 45 subpoena is not a general warrant to rummage through a non-

5  party's laptops, desktops, tablets, and phones.

6  **A.  Citrix's Non-Party Subpoena Does Not Meet Rule 26's Requirements**

7  A Rule 45 subpoena may direct a non-party to "produce . . . tangible things in that

8  person's possession, custody or control."  As noted above, the "tangible things" Citrix seeks to

9  inspect are Devices in Mr. Chawla's possession, custody, or control, during a period in October

10  2018, defined as "any electronic equipment that has the capability of sending or receiving

11  electronic communications, including but not limited to, mobile phones, tablets, desktop

12  computers, or laptop computers."

13  It is Citrix's burden to "establish[] that the information requested is within the scope of

14  permissible discovery." *Boston Sci. Corp. v. Lee*, 2014 U.S. Dist. LEXIS 107584 at *12 (N.D.

15  Cal. Aug. 4, 2014).  *See* Rule 26(b)(2)(C)(iii).  Permissible discovery is strictly limited to "any

16  nonprivileged matter" Citrix can show is "relevant to any party's claim or defense and

17  proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Two of the main considerations

18  are "the importance of the discovery in resolving the issues" pertaining to those claims or defenses

19  and "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

20  Accordingly, Civil L.R. 37-2 requires that Citrix's "moving papers must detail the basis

21  for [its] contention that it is entitled to the requested discovery and must show how the

22  proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied."  Citrix's moving

23  papers do not establish proportionality or meet the other requirements of Rule 26(b)(2).[3]

24  1.   The Information Sought is Not Relevant to a "Claim or Defense"

25  Citrix is upfront about why it seeks to inspect Mr. Chawla's personal devices:  it is

26  searching for evidence of "harassing emails and threatening internet posts" to support a motion for

27  ___

[3] Citrix's moving papers do not show, for instance, the evidence sought is not
28  "unreasonably cumulative or duplicative."  Rule 26(b)(2)(C)(i).

RESPONDENT'S OPPOSITION TO MOTION TO COMPEL ETC.
Case No. MISC 19-80054 EDL                                                    4

1    additional sanctions against Mr. Chawla's former employer Workspot.  Citrix claims the federal
2    court in Delaware "permitted Citrix to seek [limited] expedited discovery regarding Chawla's
3    threatening emails, internet posts and false declaration."[4]  Motion p. 6.  Though there is no
4    indication such "limited" discovery allowed by that Court contemplates the intrusive discovery
5    sought here.

6         But Citrix ignores the rule of relevance.  Information sought for a satellite sanctions
7    motion is not the same as information "relevant to [a] party's claim or defense" under Rule
8    26(b)(1).  As stated above, the complaint asserts patent infringement, false advertising, deceptive
9    trade practices and unfair competition.  The sanctions motion is not pertinent to those claims or
10   defenses, therefore Mr. Chawla's personal devices are not within the scope of permissible
11   discovery defined by the rules.  Even if, as Citrix asserts, the discovery sought from Mr. Chawla
12   were "relevant to the issue [Delaware] Judge Stark specifically identified," Motion, p. 10, that
13   does not make it relevant to a *claim or defense* in the pleadings.  The federal court in Delaware
14   may have permitted "limited discovery" for the sanctions motion, but it did not rewrite the
15   relevance test of Rules 26 and 45.

16        2.        The Burden of the Discovery Sought Outweighs Its Benefit to the Case

17        Because Mr. Chawla's personal devices are not evidence pertinent to a claim or defense –
18   and Citrix does not argue to the contrary – the discovery sought is necessarily not "proportional to
19   the needs of the case."

20        Let's briefly put aside the lack of relevance.  Taking Citrix at its word, the discovery
21   sought is at best cumulative or duplicative and not needed by Citrix.  Citrix insists it has done an
22   "extensive investigation" by which it says it has already determined that Mr. Chawla "sent
23   harassing emails to Citrix executives and posted inflammatory and false statements on the
24   Internet."  Motion, p. 10.  If that is the case, then any additional evidence it gets from examining
25   Mr. Chawla's personal devices will be cumulative; in any event, Citrix surely does not carry the
26   burden of showing it will *not* be unreasonably cumulative or duplicative, as Civ. L.R. 37-2 and

27        [4] Citrix cites to a party's characterization of the supposedly false declaration, but does not
28   submit the actual declaration in its moving papers.

1    Rule 26(b)(2)(C)(i) require.  Since the discovery will, on Citrix's own terms, almost certainly be

2    cumulative and not proportional to the needs of the case, "the burden or expense of the proposed

3    discovery outweighs its likely benefit."  *Nalco Co. v. Turner Designs, Inc.,* 2014 U.S. Dist. LEXIS

4    45669 at *4 (N.D. Cal. Mar. 31, 2014).

5            Citrix insists it will find things like pertinent "emails, texts, and other correspondence."

6    Motion, p. 11.  This is speculation in any event; Citrix does not explain what else it might find

7    given that it has already made a determination based on its self-described "extensive

8    investigation."  Moreover, Citrix has already asked for such documents in Mr. Chawla's

9    possession and Mr. Chawla has indicated that he searched for such materials.  Citrix offers no

10   legal authority for the proposition that its bare assertions that a subpoena recipient did not do a

11   good-enough search or destroyed evidence allows it to get its hands on that person's personal

12   devices.

13           Although Citrix relies on *Advante Int'l Corp. v. Mintel Learning Tech*., 2006 U.S. Dist.

14   LEXIS 86334 (N.D. Cal. Nov. 21, 2006), Motion, pp. 10-11, that case does much more to support

15   Mr. Chawla.  First, *Advante* (unlike this case) involved not satellite litigation but a discovery

16   dispute between parties over materials relevant to a claim or defense.[5]  Second, the party seeking

17   to inspect the hard drive established "serious questions" about the "reliability and completeness of

18   materials produced" by its opponent, such as "altered" emails that "served to downplay or even

19   conceal" a key relationship in the case.  *Id.* at *3.  There is no "serious issue" about alteration of

20   relevant evidence raised by Citrix here.  Indeed, the *Advante* Court's statement from its denial of

21   the first iteration of that motion to compel is more pertinent to Citrix: "a party would not be

22   entitled to inspect personally an opposing party's offices and filing cabinets simply because it

23   believed that discovery misconduct had occurred . . .."  *Advante Int'l Corp. v. Mintel Learning*

24   *Tech.,* 2006 U.S. Dist. LEXIS 45859 at *2 (N.D. Cal. June 29, 2006).

---

25           [5] Also unpersuasive for the same reasons are Citrix's other cases that involve not non-
26   party subpoenas but rather parties fighting over discovery that is directly relevant to a claim or
     defense.  *E.g., Playboy Enters. v. Welles,* 60 F. Supp. 2d 1050 (S.D. Cal. 1999); *Antioch Co. v.*
27   *Scrapbook Borders, Inc.,* 210 F.R.D. 645, 650-51 (D. Minn. 2002).  Non-parties have extra
     protections; for instance, Rule 45(d)(1) requires a person issuing a subpoena "to avoid imposing
28   undue burden or expense" on the recipient.

1        Nor is Citrix's extraordinary request supported by the very different case of *Dawes v.*

2 *Corrections USA*, 263 F.R.D. 613, 619 (E.D. Cal. 2009).  Motion, pp. 11-12.  *Dawes* involved,

3 again, a discovery dispute between parties over evidence directly (1) pertinent to a claim or

4 defense (2) residing on a specifically identified laptop.  263 F.R.D. at 618 and n.6.  The same goes

5 for *Ukiah Auto Invs. v. Mitsubishi Motors of N. Am., Inc.,* 2006 U.S. Dist. LEXIS 33352 at *11-12

6 (N.D. Cal. May 17, 2006), which was a discovery dispute between parties over evidence (1)

7 pertinent to a claim or defense (2) residing on a specifically identified "ADP computer."

8                **B.  Citrix's Non-Party Subpoena Does Not Meet Rule 45's Requirements**

9        The requirement of Rule 34(b) that an item to be inspected be "describe[d] with

10 reasonable particularity" applies to a non-party subpoena, no doubt to ensure the subpoenaed

11 person is not subjected to "undue burden or expense."  Rule 45(d)(1).  As we showed above,

12 Citrix's request is overly broad because it fails to describe with any particularity the device it

13 wants to search.[6]

14        Citrix has cited no case where a court compelled a non-party to submit to the

15 extraordinary demand it makes.  In *Boston Scientific Corp. v. Lee*, 2014 U.S. Dist. LEXIS 107584

16 at *19-20 (N.D. Cal. August 4, 2014), the Court refused the "highly invasive" request of taking

17 forensic images from devices, even though the non-party's devices were (1) assigned to its

18 employee for *business* use and thus tied to the case (2) were specifically identified (two laptops).

19 *Id.* at *15-16.

20        **IV.   CONCLUSION**

21        Citrix's mere assertion that Mr. Chawla's "personal computing devices are . . . likely" to

22 contain materials pertinent to a satellite issue being litigated in Delaware should not be enough to

23 let it bend the rules of relevance or justify this intrusive and overly broad subpoena.  Citrix fails to

24 ///

---

25        [6] During the meet-and-confer, Mr. Chawla's counsel urged "if there is a particular device
whose forensic image Citrix has reason to believe it should be able to inspect, it should describe

26 what that device is and articulate what it expects to find on that forensic image that is relevant to a
party's claim or defense." *See* Exhibit D to Strapp Declaration.  His counsel later asked Citrix

27 again to "identify those things" specifically that it sought to inspect or provide legal authority
supporting the view that it didn't have to.  *See* Exhibit E to Strapp Declaration.

28

1 carry its burden of showing it is entitled to such extraordinary relief.  The motion to compel should

2 therefore be denied.

3

Dated: March 15, 2019                    Respectfully submitted,

4

5                                                                    EUGENE ILLOVSKY
                                                                     ILLOVSKY LAW OFFICE

6                                                        By:  ____*/s/ Eugene Illovsky*____

7                                                                     EUGENE ILLOVSKY
                                                                     Attorney for Respondent

8                                                                     PUNEET CHAWLA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28